50 F.3d 14
 75 A.F.T.R.2d 95-1139, 95-1 USTC P 50,097
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sarah Lynn HATHAWAY, Plaintiff-Appellee,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 93-36158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1995.
Decided Feb. 16, 1995.
 
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ,* District Judge.
 ORDER
 The Tax Division counsel's request, received by the Clerk on February 6, 1995, for an amendment to the court's memorandum disposition filed on January 27, 1995, has been considered and is granted. An amended disposition shall be filed forthwith.
 Before: WRIGHT and BRUNETTI, Circuit Judges, and GONZALEZ,* District Judge.
 AMENDED MEMORANDUM**
 For two years Hathaway dealt with the IRS, urging it to correct a clerical error in her income tax refund assessment. She finally sued and prevailed. In awarding her attorney's fees, the district court allowed an upward departure from the statutory rate of $75 per hour. The government appeals. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and modify the fee award.
 1. Upward Departure from the Statutory Rate of $75 Per Hour[1]
 An award of fees "in excess of $75 per hour [is prohibited] unless the court determines that ... a special factor, such as the limited availability of qualified attorneys for such proceeding, justifies a higher rate." 26 U.S.C. Sec. 7430(c)(1)(B)(iii). The special "limited availability" factor applies only to attorneys having some distinctive knowledge or specialized skill required by the litigation in question. Pierce v. Underwood, 487 U.S. 552, 572 (1988) (interpreting a similar fee-shifting provision in the Equal Access to Justice Act).
 
 
 1
 General tax expertise is not a specialized skill under Sec. 7430. Huffman v. Comm'r, 978 F.2d at 1139, 1150 (9th Cir.1992), amended, 1992 U.S.App. LEXIS 31,896 (9th Cir. Dec. 4, 1992). No evidence indicates that Hathaway's attorneys had distinctive knowledge or special skills beyond that of any other tax lawyer. We modify her fee award to comply with the $75 statutory maximum.[2]
 
 2. Reduction of Duplicate Costs
 
 2
 Both parties agree that the court incorrectly included twice a miscellaneous cost of $1,930.05 in the award calculation. We reduce the award by that amount.
 
 3. Attorney Fees and Costs on this Appeal
 
 3
 We deny Hathaway's request for attorney's fees and costs on this appeal because she has not prevailed. Comm'r, INS v. Jean, 496 U.S. 154, 163 n. 10 (1990).
 
 
 4
 We reverse and modify the district court's order and award Hathaway $20,664.04 in litigation costs.
 
 
 5
 REVERSED and MODIFIED.
 
 
 
 *
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 *
 Honorable Irma E. Gonzalez, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review for abuse of discretion the award of attorney's fees under Sec. 7430. Huffman v. Comm'r, 978 F.2d 1139, 1143 (9th Cir.1992), amended, 1992 U.S.App. LEXIS 31,896 (9th Cir. Dec. 4, 1992)
 
 
 [2]
 Hathaway contends that a court may, in its discretion, grant more than the statutory limit of $75 an hour when an increase in the cost of living justifies a higher rate. Generally, we do not consider issues raised for the first time on appeal. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992)